This is an appeal from a decree of the Orphans Court of Bergen County, allowing the account of the executor of the estate of Louis Bergmann, deceased, so far as it dismisses one of the exceptions to the account. This exception was referred to a master, who after a hearing disallowed it, and the decree confirmed his findings. The exception seeks to surcharge the executor with the sum of $10,000 claimed to be an asset of the estate which the executor reported in his accounting as worthless.
The sole question therefore is whether the executor was justified in reporting the item as worthless and uncollectable, and was justified in taking no legal steps in an effort to collect it.
The findings of the master in substance are as follows: The estate, outside of the $10,000 item, grossed only about $1,250. Some time prior to 1929, decedent turned over various securities to his son-in-law, one Bensen, who used them as collateral security for a loan from a bank. The loan was not paid and *Page 428 
the securities were sold. Bensen agreed to make good, which he never did, although he did pay some interest from time to time on the debt. In 1937 Bensen executed a formal acknowledgment of the obligation.
Decedent died on March 2d 1938, leaving a life interest to his widow, who died in 1941, the remainder to his three children, one of whom is the executor, one the wife of Bensen, and the third the appellant.
The master found that Bensen since the death of decedent has had no property or assets, and has been dependent on his wages, while his wife has had some earnings from the sale of dresses. Although the obligation had existed for many years, decedent had never collected anything on account of principal during his lifetime. Under these circumstances, the master finds that on all the testimony the executor was justified in listing the Bensen agreement as having no value, and accordingly is not chargeable with failure to bring suit in an effort to collect from Bensen. Besides the testimony expressly referred to by the master there was other testimony to the effect that Bensen was heavily in debt to others, and that he threatened bankruptcy if pressed for payment. The executor contends that he acted in good faith in deciding not to spend the meager assets of the estate in a useless attempt to collect by suit. As further evidence of this, he calls attention to the fact that he personally would receive under the will one-third of any recovery.
The decree dismissing the exception will be affirmed. *Page 429